UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF TRUSTEES OF
THE MICHIGAN LABORERS'
PENSION FUND,

      Plaintiff,                        CIVIL ACTION NO. 14-cv-14142

      v.                               DISTRICT JUDGE MATTHEW F. LEITMAN

RITE WAY FENCE, INC.,           MAGISTRATE JUDGE MONA K. MAJZOUB
MARX CONTRACTING, INC.,
H & H RENTALS L.L.C., and
EUGENE M. ZAPCZYNSKI,

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE COURT ORDER, COMPEL PRODUCTION OF DOCUMENTS, AND COMPEL DEPOSITIONS [27] AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENT TO MOTION TO COMPEL [34]**

This matter comes before the Court on Plaintiff's Motion to Enforce Court Order, Compel Production of Documents and Compel Depositions (docket no. 27) and Plaintiff's Motion for Leave to File a Supplement to Motion to Compel (docket no. 34). The parties filed response and reply briefs with regard to each motion. (Docket nos. 31, 32, 37, and 39.) The parties have also filed a Joint Statement of Resolved and Unresolved Issues regarding Plaintiff's Motion to Enforce and Compel. (Docket no. 33.) The Motions have been referred to the undersigned for consideration. (Docket nos. 28 and 35.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.  BACKGROUND

The Michigan Laborers' Pension Fund ("Pension Fund") receives contributions from employers in the building and construction industry, who are bound to collective bargaining agreements ("CBAs") with the Michigan Laborers' District Council and/or its affiliated unions. (Docket no. 1 ¶ 10.)  According to Plaintiff, the CBAs require employers to make contributions to the fund for covered work performed by their employees.  (*Id*.)  Plaintiff alleges that Defendants Rite Way Fence, Inc. ("Rite Way") and Marx Contracting, Inc. ("Marx") were each bound to a 2008-2013 CBA, which expired on June 1, 2013.  (*Id*. ¶¶ 12, 26.)  Plaintiff further alleges that Defendants Rite Way and Marx terminated their CBAs on the expiration date and permanently ceased making payments to the Pension Fund for work performed by their employees after that date, but they continued to conduct business in the construction industry within the geographical limits of the terminated CBA.  (*Id*. ¶¶ 13-14, 27-28.)  Plaintiff claims that Defendants Rite Way and Marx's termination of the CBAs along with their continued operation in the industry constitute a complete withdrawal from the Pension Fund, resulting in a combined withdrawal liability of almost $600,000.00 plus accrued interest under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1382, 1383, and 1391.  (*Id*. ¶¶ 15-16, 29-30.)  Plaintiff filed the instant Complaint to recover this withdrawal liability, for which Plaintiff claims that Defendants are jointly and severally liable based on alter ego, common control, and veil piercing theories.[1]  (Docket no. 27 at 9.)

---

[1] According to Plaintiff, Defendant Zapczynski is the sole officer and shareholder of Defendant Rite Way; a 60% shareholder and an officer of Defendant Marx; and the sole member and owner of Defendant H & H Rentals L.L.C. ("H & H"), which allegedly owns the real property used in the operations of Defendants Rite Way and Marx. (Docket no. 1 ¶¶ 6, 7.)  To support its theories of liability, Plaintiff makes several allegations against Defendants throughout the Complaint, such as advances, loans, and commingling of funds and other assets without written agreement; formation for a fraudulent purpose, undercapitalization; and failure to follow corporate formalities.  (*Id*. ¶¶ 50-51, 57-58.)

Plaintiff served Defendants with its First Request for Production of Documents on June 1, 2015. (Docket no. 27 at 10; docket no. 27-2.) On July 8, 2015, the parties extended the July 1, 2015 deadline for Defendants' response to August 3, 2015, via stipulated order. (Docket no. 18.) Defendants submitted their response on August 3, 2015, agreeing, over boilerplate objections, to produce documents responsive to a majority of Plaintiff's seventy requests for production (RFPs) at a mutually convenient time and place; Defendants objected to and declined to produce documents responsive to twelve of Plaintiff's RFPs, numbered 35-36, 38, 40, 58, 60-64, and 67-68. (Docket no. 27 at 10; docket no. 27-3.) Plaintiff alleges that Defendants produced some, but not all, responsive documents on August 17, 2015, and again on September 8, 2015. (Docket no. 27 at 10.) In the cover letter for Defendants' September 8, 2015 production, Defendants' counsel advised that many responsive documents are kept by Defendants in the normal course of business and are available for review at their place of business in Alger, Michigan. (Docket no. 27-6 at 2.) In response, Plaintiff's counsel advised Defendants' counsel that he had traveled to Defendants' company office twice for a document production, and they had failed to gather any documents in advance of his first appearance. (Docket no. 27-7 at 2.) Instead, Plaintiff counsel asserts, he had to wait while Defendants' employees searched the office for documents. (*Id*.)

Plaintiff explains that because of Defendants' "slow and piece-meal production," it noticed Rule 30(b)(6) depositions *ad testificandum* and *duces tecum* for September 17, 2015, at which each company Defendant was to produce the remaining documents and designate one or more witnesses to identify and authenticate the documents and the process used to gather them. (Docket no. 27 at 11; docket no. 27-7 at 2, 4-5.) Defendants were unavailable on September 17, 2015, so Plaintiff re-noticed the depositions for September 30, 2015. (Docket no. 27 at 11;

docket no. 27-8 at 2; and docket no. 27-9.) Defendants then canceled the September 30, 2015 depositions following a September 29, 2015 status conference call with District Judge Matthew F. Leitman, during which Defendants' counsel announced his intention to withdraw as counsel in this matter. (Docket no. 27 at 11.)

On October 9, 2015, Defendants' counsel withdrew from this matter via stipulation and order. (Docket no. 22.) Plaintiff explains that Defendants produced about five boxes of documents around the same time. (Docket no. 27 at 11.) Defendants' new counsel appeared on October 28, 2015. (Docket no. 24.) Having not yet received the complete production responsive to its First Request for Production of Documents, on November 19, 2015, Plaintiff re-noticed the Rule 30(b)(6) depositions for December 3, 2015. (Docket no. 27 at 12; docket no. 27-11.) According to Plaintiff, Defendants' counsel cancelled the depositions via telephone the next day, and explained that Defendants would need until January 7, 2016 to gather and organize the remaining responsive documents. (*Id.*; docket no. 27-12 at 2.)

Plaintiff then filed the instant Motion to Enforce Court Order, Compel Production of Documents and Compel Depositions. (Docket no. 27.) Through this Motion, Plaintiff (1) moves to enforce the court's July 8, 2015 Order, which extended the deadline for Defendants' responses to Plaintiff's First Request for Production of Documents to August 3, 2015; (2) moves to compel the production of the remaining responsive documents that Defendants agreed to produce; (3) moves to compel the Rule 30(b)(6) depositions; (4) moves to compel the production of documents responsive to RFP nos. 35-36, 38, 40, 58, 60-64, and 67-68, to which Defendants objected; (5) asks the court to warn Defendants that any future failure to abide by their discovery obligations under the court's orders and rules may result in sanctions, including barring Defendants from defending against Plaintiff's claim for individual liability against Defendant

4

Zapczynski; and (6) seeks $2,000 in attorney's fees and costs that it incurred in bringing the motion.

## II. GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B).

If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Furthermore, Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to answer interrogatories or respond to a request for production of documents. Rule 37(b) provides a list of sanctions the Court may order if a party fails to obey a discovery order, up to and including dismissal of that party's action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

### III. ANALYSIS

#### A. Plaintiff's Motion for Leave to File a Supplement to Motion to Compel [34]

On January 27, 2016, two weeks after the parties filed their Joint Statement of Resolved and Unresolved Issues, Plaintiff filed the instant Motion for Leave to File a Supplement to Motion to Compel, to update the Court on the events of January 8, 2016, the date that the Rule 30(b)(6) depositions took place. (Docket no. 34.) Plaintiff filed the proposed supplement as an exhibit to the Motion. (Docket no. 34-2.) Defendants filed a Response through which they oppose Plaintiff's Motion, but rather than providing a basis for denying the filing of the proposed supplement, the Response addresses the information that Plaintiff set forth in the proposed supplement. (Docket no. 37.) The Court finds the parties' supplemental information relevant to Plaintiff's Motion to Enforce and to Compel, and will therefore grant Plaintiff's Motion for Leave to File a Supplement. The Court will consider Plaintiff's proposed supplement (docket no. 34-2), Defendants' Response to Plaintiff's Motion (docket no. 37), and Plaintiff's Reply (docket no. 39) in ruling on Plaintiff's Motion to Enforce and Compel.

**B.     Plaintiff's Motion to Enforce Court Order, Compel Production of Documents and Compel Depositions [27]**

*1.     The Remaining Responsive Documents That Defendants Agreed to Produce*

Plaintiff asserts that, as of the date of the Motion, Defendants had only produced about six of the forty boxes of responsive documents; they had not produced any of the documents that were to be produced at their Alger office, and they refused to produce any additional documents until January 7, 2016, more than five months after the stipulated deadline. (Docket no. 27 at 15.) Plaintiff argues that Defendants have consistently acted as though the discovery deadlines in this matter are meaningless and that they are entitled to determine when and what will be produced. (*Id*. at 16.)  Plaintiff also points out Defendants' new counsel's indication that Defendants still had not gathered and organized all of the documents responsive to Plaintiff's First Request for Production of Documents some three and a half months after their due date. (*Id*.)  Plaintiff argues that Defendants' conduct is prejudicial. (*Id*.)

In response to Plaintiff's Motion, Defendants' counsel explains that since his appearance in this matter, he has met with Defendants' former counsel, has waited to receive documentation from one of those attorneys, and has been working to compile and organize the documents that Defendants former counsel agreed to provide. (Docket no. 31 at 8.)  Defendants' counsel also explains that prior to the filing of the instant Motion, he had sought an extension of the production deadline to January 8, 2016, due to his need to get "up to speed" regarding the facts of the case, his obligations to his unrelated caseload, the upcoming holidays, and his parents' failing health. (*Id*. at 8-9.)  He argues that such a short delay would not prejudice Plaintiff. (*Id*.)

In the Joint Statement of Resolved and Unresolved Issues, Plaintiff's counsel informs that he traveled to Defendants' business office in Alger, Michigan, on January 8, 2016 for the Rule

7

30(b)(6) depositions and document production. (Docket no. 33 at 4.) Plaintiff asserts that Defendants produced over 200 boxes of documents at that meeting, including many non-responsive documents, but that based on the deposition testimony and a review of the documents, many important documents are missing from the production.[2] (*Id*. at 4-5.) Defendants assert that they agreed on January 11, 2016 to produce additional responsive documents and that the 240 boxes of documents remain available to Plaintiff for examination at their Alger and Rochester Hills locations, that Plaintiff may mark any of those documents for copying, and that Defendant will have those documents copied for Plaintiff at Plaintiff's expense. (Docket no. 33 at 6-7; docket no. 37 at 10, 12-13.) Defendants also assert that this is Plaintiff's third lawsuit against Defendants and Plaintiff already has many responsive documents from Defendants' production in the previous litigation. (Docket no. 37 at 10.)

Here, the parties do not dispute that the documents at issue should be produced, and Defendants have provided no explanation for their failure to meet the August 3, 2015 production deadline in accordance with the court's July 8, 2015 Order. The fact that Defendants have new counsel and have since produced volumes of some responsive (and non-responsive) documents does not excuse the fact that all responsive documents should have been produced long before Defendants' former counsel withdrew from this matter. Accordingly, to the extent that Defendants have not yet produced all of the documents responsive to Plaintiff's First Request for Production of Documents that they previously agreed to produce, and to the extent that those documents exist and are within Defendants' custody, possession, or control, Defendants must fully and completely produce such documents for inspection and/or copying pursuant to Federal Rule of Procedure 34(a)(1), without further objection, within twenty-one (21) days of this

---

[2] Plaintiff provides a non-inclusive summary of documents that are missing from Defendants' production in its supplement to the instant Motion, which includes tax returns, check registers, and credit card statements. (Docket no. 34-2 at 14-16.)

Opinion and Order. The Court will also order Defendants to file an affidavit contemporaneously with the production stating that they have produced all documents responsive to Plaintiff's First Request for Production of Documents within their custody, possession, or control in accordance with this Order and that the production is complete. Failure to comply with this Order may result in sanctions pursuant to Federal Rule of Civil Procedure 37.

### 2. *The Rule 30(b)(6) Depositions*

After being noticed and canceled three different times, the parties indicate in their Joint Statement of Resolved and Unresolved Issues that the Rule 30(b)(6) depositions took place on January 8, 2016 at Defendants' office in Alger, Michigan. (Docket no. 33 at 4.) As noted above, the deposition notices requested that Defendants produce all documents responsive to Plaintiff's First Request for Production of Documents and one or more records custodian(s) and/or other witnesses who could identify and authenticate the documents and testify regarding the process used to identify and gather the documents. (Docket no. 34-2 at 21-23.)

Defendants produced Defendant Zapczynski and Christy Grundner, Defendant Rite Way's Controller, as witnesses, along with approximately 200 boxes of documents. (Docket no. 33 at 4.) When asked what process he used to determine which of those boxes contained documents responsive to Plaintiff's document request, Defendant Zapczynski testified that he left it up to his attorney to organize the boxes, and he "assumed" that the responsive documents were in the boxes. (Docket no. 34-2 at 84.) Ms. Grundner testified at length regarding the process that she used to gather responsive documents and about the documents as they related to particular RFPs. (*Id*. at 93-147.) Plaintiff points out Ms. Grundner's testimony that she gathered documents that she knew existed but made no effort to speak to anyone else in an effort to locate additional responsive documents. (*Id*. at 12 (citing 112).) Plaintiff argues that Ms. Grundner's

testimony and Defendant Zapczynski's testimony demonstrates that Defendants failed to produce prepared and knowledgeable Rule 30(b)(6) witnesses, which is the equivalent of producing no witnesses at all. (*Id*. at 12.) Defendants explain that the corporate defendants are small businesses and that Defendant Zapczynski and Ms. Grundner testified to the best of their abilities. (Docket no. 33 at 8.) Defendants further assert that they fully complied with Rule 30(b)(6) because while Defendant Zapczynski's knowledge was limited, Ms. Grundner was a knowledgeable representative who testified to all matters known or reasonably available. (Docket no. 37 at 11-12.) Defendants add that Defendant Marx will produce Kim Farenger for a Rule 30(b)(6) deposition. (Docket no. 33 at 8.)

An organization that is served with a Rule 30(b)(6) deposition notice is obligated to produce one or more witnesses knowledgeable about the subjects described in the notice and prepare the witness(es) to testify, not simply to his or her own knowledge, but "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "When a corporation produces [a witness] pursuant to a rule 30(b)(6) notice, it represents that the [witness] has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citations omitted). If a Rule 30(b)(6) deponent is unprepared to answer questions regarding the topics in the deposition notice, it is as if the witness failed to appear for the deposition at all, and sanctions may be appropriate under Fed. R. Civ. P 37(d). *Newfrey LLC v. Burnex Corp.*, No. 07-13029, 2009 WL 3698548, at *2 (E.D. Mich. Nov. 5, 2009) (citing *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

The Court has reviewed the deposition transcripts of both Defendant Zapczynski and Ms. Grundner as submitted by Plaintiff, and agrees with Plaintiff with regard to Defendant

Zapczynski. His testimony indicates that although he was a custodian of records, he was not involved in compiling the documents responsive to Plaintiff's discovery request and that he had very little knowledge of the content of the documents in the boxes or whether those documents were responsive to Plaintiff's request. (*See* docket no. 34-2 at 78-92.) Ms. Grundner, on the other hand, testified for more than four hours regarding the process that she used to gather responsive documents on behalf of Defendant Rite Way, and was, for the most part, able to explain which documents, if any, were produced in response to a particular RFP. (*Id.* at 93-147.) Plaintiff's dissatisfaction with the process that Ms. Grundner used to gather responsive documents does not equate to her being unprepared to discuss the process at the deposition. Nevertheless, the transcript of Ms. Grundner's deposition indicates that the parties adjourned her deposition on the understanding that it would be continued at a later date. (*Id.* at 126.) Moreover, Defendants apparently failed to produce a Rule 30(b)(6) witness on behalf of Defendant Marx, and they have now offered to produce Kimberly Farenger, Defendant Marx's custodian of records, for this purpose. (Docket no. 33 at 8; *see* docket no. 34-2 at 96.) Accordingly, the Court will grant Plaintiff's Motion to Compel Rule 30(b)(6) depositions in part. Upon proper notice, Plaintiff may continue the deposition of Ms. Grundner and take the deposition of Ms. Farenger at mutually convenient dates, times, and places, to be completed within twenty-one (21) days of this Opinion and Order.

      *3.  Request for Production Nos. 35-36, 38, 40, 58, 60-64, and 67-68*

Defendants objected to the production of documents responsive to Plaintiff's RFP nos. 35-36, 38, 40, 58, 60-64, and 67-68 in their August 3, 2015 response to Plaintiff's discovery request. (Docket no. 27-3.) According to the Joint Statement of Resolved and Unresolved Issues, however, the parties have resolved their dispute regarding RFP nos. 35-36, 38, and 40,

11

and Defendants have agreed to produce documents responsive to RFP nos. 35-36, 38, and 40 that are within their possession or control. (Docket no. 33 at 2-3.) Nevertheless, Plaintiff indicates in its supplement filed two weeks after the Joint Statement that Defendants have not yet produced these documents. (Docket no. 34-2 at 16.) Accordingly, although the substance of Plaintiff's Motion with regard to RFP nos. 35-36, 38, and 40 is now moot, the Court finds it necessary to grant Plaintiff's Motion to Compel the production of these documents. Thus, to the extent that Defendants have not yet produced documents responsive to RFP nos. 35-36, 38, and 40, the Court will order them to do so within twenty-one (21) days of this Opinion and Order.

RFP no. 58 seeks all titles and other documents related to vehicles and equipment owned by Defendant Zapczynski from January 1, 2007 to present. (Docket no. 27-2 at 24.) RFP no. 60 seeks all documents showing a sale or transfer of assets made by any Defendant from January 1, 2014 to present. (*Id*.) RFP no. 61 seeks all listing agreements and other documents related to Defendants' efforts to sell real property located at 6539 Burroughs Avenue in Sterling Heights, Michigan, or any other real property owned by any Defendant. (*Id*. at 25.) RFP no. 62 seeks all deeds and other documents showing the ownership of real property and any mortgages on such property held by any Defendant from January 1, 2007 to present. (*Id*.) RFP no. 63 seeks all documents showing any ownership interest by Defendant Zapczynski in any trade or business other than Defendants Rite Way, Marx, and H & H. (*Id*.) Defendants objected to RFP nos. 58 and 60-62 to the extent that they are a premature attempt by Plaintiff to conduct an asset evaluation. (Docket no. 27-3 at 22-23.) Defendants further objected to all of these requests on varying bases, such as overly burdensome, unduly oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence, including as it relates to the "overly expansive date range of the request." (*Id*. at 22-24)

Plaintiff asserts that RFP nos. 58 and 60-62 are not a premature attempt by Plaintiff to conduct an asset investigation or a "Creditors Exam," as Defendants suggest. (Docket no. 27 at 19-20.) As Plaintiff points out with regard to RFP no. 60, Defendants suggestion in this regard lacks merit, because RFP no. 60, as well as RFP no. 61, seek documents regarding assets that have been sold or transferred by Defendants, not those currently held by Defendants. (*See id*. at 20.)

Plaintiff further asserts that the documents it seeks through RFP nos. 58 and 60-63 are relevant to its theories of liability, one of which is the "piercing the corporate veil" theory. (Docket no. 27 at 19-21; docket no. 32 at 7-9.) Factors weighing in favor of piercing the corporate veil include: undercapitalization, failure to maintain separate books, failure to separate corporate and individual finances, the use of the corporation to support fraud or illegality, the failure to honor corporate formalities, and whether the corporation is merely a sham. *Laborer's Pension Trust Fund v. Sidney Weinberger Homes, Inc.*, 872 F.2d 702, 704-05 (6th Cir. 1988). Plaintiff asserts that documents regarding Defendant Zapczynski's individual ownership of vehicles and equipment (RFP no. 58) and documents related to Defendants' sales or transfers of assets, especially any showing sales or transfers amongst Defendants, (RFP no. 60) will help determine the extent to which Defendant Zapczynski's individual assets were commingled with corporate assets. Plaintiff also asserts that documents regarding Defendants' ownership in real property (RFP no. 62) will provide evidence of Defendant H & H's controlled group liability as owner of the property leased by Defendants Rite Way and Marx for their operations. The Court is persuaded by Plaintiff's assertions and finds that the documents sought by Plaintiff through RFP nos. 58 and 60-63 are relevant to Plaintiff's claims under *Sidney Weinberger* and are proportional to the needs of the case, with one exception: RFP no. 61 is overbroad in temporal

13

scope as written; accordingly, the Court will limit the production of documents responsive to RFP no. 61 to those dated from January 1, 2007 to the present, to maintain consistency with the temporal scope of a majority of Plaintiff's other RFPs. The Court will therefore order Defendants to fully and completely produce documents responsive to RFP nos. 58, 60, 61 as modified, and 62-63, without further objection, within twenty-one (21) days of this Opinion and Order.

RFP no. 64 seeks "[t]he 2007 valuation of Rite Way performed by Brenda Orlando." (Docket no. 27-2 at 26.) Defendants objected to this request as overly burdensome, unduly oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, including as it relates to the "overly expansive date range of the request." (Docket no. 27-3 at 24.) Plaintiff argues that Defendants' "rote" objections lack merit, as the valuation may contain further evidence of the extensive financial connections among Defendants, particularly with regard to piercing the corporate veil and controlled group liability, and it is similar to other financial statements already produced by Defendants. (Docket no. 27 at 22; docket no. 32 at 9.) Defendants argue in response that the request seeks stale information (docket no. 31 at 12); later, in the Joint Statement of Resolved and Unresolved Issues, Defendants indicate that they do not "understand what is requested" in RFP no. 64, as they assumed that the request seeks the valuation of Rite Way performed by Brenda Orlando (docket no. 33 at 3). It is unclear where Defendants' confusion regarding this RFP lies, as the RFP's wording is unambiguous. Also, the Court is not persuaded by Defendants' argument against production on the basis that the RFP seeks stale information, as Defendants have agreed to produce documents responsive to many of Plaintiff's RFPs that seek documents for the period January 1, 2007 to present. (*See* docket no. 27-3.) The Court finds that the 2007 valuation of Rite Way performed by Brenda Orlando as

14

requested by RFP no. 64 is relevant to Plaintiff's claims and will order Defendants to produce the valuation within twenty-one (21) days of this Opinion and Order.

RFP no. 67 seeks "[a]ll documents relating to the estimated, actual or claimed withdrawal liability of Rite Way and Marx to the Michigan Laborers' Pension Fund." (Docket no. 27-2 at 26.) Defendants responded that "[n]either Rite-Way nor Marx agree that any amount is owed." (Docket no. 27-3 at 25.) Defendants later assert that any documents responsive to this request are privileged. (Docket no. 31 at 12; docket no. 33 at 3.) RFP no. 68 seeks [a]ll documents which mention this lawsuit other than the pleadings and written communications between the parties' counsel." (Docket no. 27-2 at 27.) Defendants objected to RFP no. 68 on the basis of privilege. (Docket no. 27-3 at 25.) Plaintiff argues that the documents requested are relevant and should be produced to the extent that they are not privileged. (Docket no. 27 at 22; docket no. 32 at 9-10.) The Court agrees with Plaintiff and will order Defendants to produce non-privileged documents responsive to RFP nos. 67 and 68 within twenty-one (21) days of this Opinion and Order. To the extent that Defendants withhold documents responsive to these requests based on the attorney-client privilege or the work product doctrine, they will produce a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

### 4. *Attorney's Fees and Costs*

Lastly, Plaintiff seeks $2,000 in attorney's fees and costs that it incurred in bringing the motion. If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, the Court will grant Plaintiff's Motion to

15

Enforce and Compel in substantial part, Plaintiff has received discovery from Defendants after the instant Motion was filed, and Defendants have not demonstrated that their nondisclosure was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, the Court will order Defendants to pay the reasonable expenses and attorney's fees that Plaintiff incurred in bringing this Motion. The Court will also order Plaintiff to submit a Bill of Costs and an affidavit of counsel that meets the requirements of Eastern District of Michigan Local Rule 54.1.2(b), at which time the Court will determine the amount of costs and fees for which Defendants are liable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Supplement to Motion to Compel [34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Court Order, Compel Production of Documents and Compel Depositions [27] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel the production of the remaining documents responsive to Plaintiff's First Request for Production of Documents that Defendants agreed to produce is GRANTED. To the extent that Defendants have not yet produced all responsive documents in this regard within their custody, possession, or control, Defendants will do so, fully and completely, without further objection, within twenty-one (21) days of this Order;

b. Plaintiff's Motion to Compel Rule 30(b)(6) depositions is GRANTED IN PART. Upon proper notice, Plaintiff may continue the deposition of Ms. Grundner and take the deposition of Ms. Farenger at mutually convenient dates, times, and places, to be completed within twenty-one (21) days of this Opinion and Order;

c. Plaintiff's Motion to Compel the production of documents responsive to RFP nos. 35-36, 38, 40, 58, 60-64, and 67-68 of Plaintiff's First Request for Production of Documents is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion in this regard is only denied insofar as the Court has modified the temporal scope of RFP no. 61 to documents dated from January 1, 2007 to the present. Defendants will fully and completely produce documents responsive to RFP nos. 35-36, 38, 40, 58, 60, 61 as modified, 62-64, and 67-68, without further objection, within twenty-one (21) days of this Opinion and Order;

d. To the extent that Defendants have withheld or plan to withhold documents on the basis of privilege, Defendants must provide a privilege log to Plaintiff as part of the production;

e. Upon production, Defendants are ordered to file an affidavit stating that they have produced all responsive documents within their custody, possession, or control in accordance with this Order and that the production is complete;

f. Defendants are ordered to pay the reasonable expenses and attorney's fees incurred by Plaintiff as a result of bringing the instant Motion. Plaintiff is ordered to submit to the Court a Bill of Costs itemizing the same and an affidavit of counsel that meets the requirements of Eastern District of Michigan Local Rule 54.1.2(b) within twenty-one (21) days of this Opinion and Order.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 30, 2016         s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: August 30, 2016         s/ Lisa C. Bartlett
                                              Case Manager