UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF TRUSTEES OF
THE MICHIGAN LABORERS'
PENSION FUND,

      Plaintiff,                    CIVIL ACTION NO. 14-cv-14142

      v.                         DISTRICT JUDGE MATTHEW F. LEITMAN

RITE WAY FENCE, INC.,         MAGISTRATE JUDGE MONA K. MAJZOUB
MARX CONTRACTING, INC.,
H & H RENTALS L.L.C., and
EUGENE M. ZAPCZYNSKI,

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [40], DENYING AS MOOT EUGENE R. ZAPCZYNSKI'S MOTION TO MODIFY SUBPOENA [47], AND DENYING AS MOOT DEFENDANTS' MOTION TO ENLARGE TIME [48]**

This matter comes before the Court on Plaintiff Board of Trustees of the Michigan Laborers' Pension Fund's Motion to Compel Documents Subpoenaed from Non-Party Dilger & Semaan, P.C. (Docket no. 40.) Plaintiff filed a Statement of Resolved and Unresolved Issues with regard to this Motion, to which Dilger & Semaan, P.C. objected, and Plaintiff replied to Dilger & Semaan, P.C.'s Objection. (Docket nos. 50, 57, and 58.) Also before the Court are non-party Eugene R. Zapczynski's Motion to Modify Subpoena to Testify at a Deposition and Production of Documents for an Enlargement of Time and Protective Order (docket no. 47) and Defendants Rite Way Fence, Inc., Marx Contracting, Inc., H & H Rentals L.L.C., and Eugene M. Zapczynski's Motion to Enlarge Time to Respond to Plaintiff's Second Request for Production of Documents (docket no. 48). Response and reply briefs have been filed with regard to each of

these Motions. (Docket nos. 49, 54, 55, and 59.) The Motions have been referred to the undersigned for consideration. (Docket nos. 41 and 51.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I. **BACKGROUND**

The Michigan Laborers' Pension Fund ("Pension Fund") receives contributions from employers in the building and construction industry who are bound to collective bargaining agreements ("CBAs") with the Michigan Laborers' District Council and/or its affiliated unions. (Docket no. 1 ¶ 10.) According to Plaintiff, the CBAs require employers to make contributions to the fund for covered work performed by their employees. (*Id*.) Plaintiff alleges that Defendants Rite Way Fence, Inc. ("Rite Way") and Marx Contracting, Inc. ("Marx") were each bound to a 2008-2013 CBA, which expired on June 1, 2013. (*Id*. ¶¶ 12, 26.) Plaintiff further alleges that Defendants Rite Way and Marx terminated their CBAs on the expiration date and permanently ceased making payments to the Pension Fund for work performed by their employees after that date, but they continued to conduct business in the construction industry within the geographical limits of the terminated CBA. (*Id*. ¶¶ 13-14, 27-28.) Plaintiff claims that Defendants Rite Way and Marx's termination of the CBAs, along with their continued operation in the industry, constitute a complete withdrawal from the Pension Fund, resulting in a combined withdrawal liability of almost $600,000.00 plus accrued interest under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1382, 1383, and 1391. (*Id*. ¶¶ 15-16, 29-30.) Plaintiff filed the instant Complaint to recover this withdrawal liability, for which

Plaintiff claims that Defendants are jointly and severally liable based on alter ego, common control, and veil piercing theories.[1] (Docket no. 27 at 9.)

On August 30, 2016, the Court granted in significant part Plaintiff's Motion to Enforce Court Order, Compel Production of Documents, and Compel Depositions with regard to Plaintiff's First Request for Production of Documents and certain Rule 30(b)(6) depositions. (Docket no. 63.) The Court will now address the three discovery motions remaining in this matter.

## II.   GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

---

[1] According to Plaintiff, Defendant Zapczynski is the sole officer and shareholder of Defendant Rite Way; a 60% shareholder and an officer of Defendant Marx; and the sole member and owner of Defendant H & H Rentals L.L.C. ("H & H"), which allegedly owns the real property used in the operations of Defendants Rite Way and Marx. (Docket no. 1 ¶¶ 6, 7.) To support its theories of liability, Plaintiff makes several allegations against Defendants throughout the Complaint, such as the making of advances, issuance of loans, and commingling of funds and other assets amongst each other without written agreement; formation for a fraudulent purpose, undercapitalization; and failure to follow corporate formalities. (*Id*. ¶¶ 50-51, 57-58.)

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B).

### III. ANALYSIS

#### A. Plaintiff's Motion to Compel Documents Subpoenaed from Non-Party Dilger & Semaan, P.C. [40]

On January 29, 2016, Plaintiff served non-party Dilger & Semaan, P.C., the law firm that represented Defendant Zapczynski's ex-wife, Kelly Jean Zapczynski, in their 2007 and 2012 divorce proceedings, with a subpoena to produce certain documents related to those proceedings. (Docket no. 40 at 2; docket no. 40-2.) Plaintiff explains that the divorce cases involved Defendant Zapczynski's ownership and operation of the corporate defendants in this matter; thus, the documents sought through the subpoena are relevant. (*Id*. at 2.) On February 17, 2016, Kathleen M. Dilger, Esq. objected to the subpoena on behalf of Dilger & Semaan, P.C. for the following reasons: (1) the scope of the document request is overly broad and unduly burdensome, especially where some of the documents are equally available to the subpoenaing party as part of the public record; (2) the information is protected by the attorney-client privilege; (3) the information requested is too voluminous, and the cost to locate and retrieve it from storage and to copy it would be considerable, which would result in an undue financial expense

4

and burden for both Ms. Dilger and Ms. Zapczynski; and (4) Defendant Zapczynski should already possess, or have access to, many of the subpoenaed documents, and Plaintiff should seek those documents through him. (Docket no. 40-4.)

On February 23, 2016, Plaintiff obtained records related to the 2012 divorce proceeding from Defendant Zapczynski's divorce attorney. (Docket no. 40 at 8; docket no. 40-5.) Plaintiff subsequently informed Dilger & Semaan, P.C. of this development and effectively narrowed the scope of its subpoena to the documents related to the 2007 divorce proceeding.[2] (*Id.*; docket no. 40-6.) Plaintiff also informed Dilger & Semaan, P.C. that it was not seeking privileged material and that it would reimburse the firm for the reasonable cost of production, noting that it recently paid a total of $322.90 for the production of the subpoenaed documents from the 2012 divorce proceeding at 10 cents per page for hard copy documents and $80 per hour of paralegal time. (*Id.* at 8-9; docket no. 40-6.)

In the instant Motion, Plaintiff argues that the subpoenaed documents related to the 2007 divorce proceeding are relevant and that Dilger & Semaan, P.C. should be ordered to produce them, but not at the requested rate of $300 per hour; Plaintiff argues that such a rate is grossly excessive. (Docket no. 40 at 9-10.) Later, in its Statement of Resolved and Unresolved Issues, Plaintiff indicates that it has since obtained the pleadings from the 2007 divorce proceeding from the Oakland County Circuit Court, and, as a result, it has further narrowed the scope of the subpoena to only the deposition transcripts from the 2007 proceeding, including any exhibits. (Docket no. 50 at 2.) In an effort to obtain the transcripts from another source, Plaintiff informs that it asked Dilger & Semaan, P.C. for the court reporter's contact information, but Dilger & Semaan, P.C. did not respond. (*Id.*) Plaintiff claims that Dilger & Semaan, P.C. refuses to

---

[2] Plaintiff points out that it is unable to obtain any documents from the attorney who represented Defendant Zapczynski in the 2007 divorce proceeding because he has passed away. (Docket no. 40 at 2.)

5

produce the transcripts until Plaintiff pays a $1,000 deposit to be applied to Dilger & Semann, P.C.'s cost of production at $300 per hour for attorney time and $85 per hour for paralegal time. (*Id.* at 3.) Plaintiff argues that any cost to produce the deposition transcripts would be minimal, for which Dilger & Semaan, P.C. is not protected under Federal Rule of Civil Procedure 45(d)(2)(B)(ii). (*Id.*) Plaintiff therefore asserts that although it has previously offered to pay the reasonable expenses associated with production, in light of the minimal expense required and the fact that Dilger & Semaan, P.C. has not responded to Plaintiff's Motion, the Court should compel Dilger & Semaan, P.C. to produce the transcripts without reimbursement. (*Id.*)

On May 5, 2016, Dilger & Semaan, P.C., through counsel, filed an objection to Plaintiff's Statement of Resolved and Unresolved Issues. (Docket no. 57.) In this Objection, Dilger & Semaan, P.C. informs the Court that at all times, it has expressed willingness to cooperate in attempting to locate, retrieve, review, and copy the subpoenaed documents, which may be located off-site in closed file storage. (*Id.* ¶ 4.) Dilger & Semaan, P.C. argues that despite its willingness to cooperate, Plaintiff has refused to agree to reimburse the firm for the "arduous" task of responding to the subpoena, which is expected to involve several banker boxes of information, all containing attorney-client privileged material. (*Id.* ¶ 5.) Dilger & Semaan, P.C. then sets forth its position that it is not a party to these proceedings, it has not been ordered or directed by the Court to submit or contribute to any pleading of any kind, and that it is willing to cooperate upon reimbursement of its reasonable costs. (*Id.* ¶ 7.) Dilger & Semaan, P.C. indicates that it submitted this Objection to fully advise the Court of the status of this matter, despite its inability as a non-party to formally participate (including filing a response to the instant Motion)[3] and to avoid any further "absurd and improper use of discovery to increase the

---

[3] Dilger & Semaan is misguided in this instance; pursuant to Federal Rule of Civil Procedure 45, a party served with a subpoena may file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3).

costs of litigation." (*Id.* ¶ 9.) Lastly, Dilger & Semaan, P.C. requests that Plaintiff be ordered to reimburse the firm for all of its costs, including the attorney's fees that it has been forced to incur in addressing the subpoena. (*Id.*)

Federal Rule of Civil Procedure 45 governs subpoenas and provides that a non-party served with a subpoena may make written objections to the subpoena before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "The filing of the objection suspends any duty to produce the subpoenaed documents, until the party serving the subpoena procures an order compelling production" from the issuing court. *Matthias Jans & Assoc., Ltd. v. Dropic*, No. 01-MC-26, 2001 WL 1661473, at *1 (W.D. Mich. Apr. 9, 2001); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i). Any order compelling production, however, "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). This section of Rule 45 was added to protect non-parties "against significant expense resulting from involuntary assistance to the court." Fed. R. Civ. P. 45 (Advisory Committee Notes, 1991 Amendment, Subdivision (c)).

Here, Plaintiff has significantly reduced the scope of its subpoena to only the deposition transcripts and their exhibits from the 2007 divorce proceeding. While the Court does not opine regarding the expense of compliance with the entire subpoena as written, the Court is persuaded by Plaintiff's assertion that the time and expense required to comply with the subpoena as limited to the 2007 deposition transcripts is minimal, especially where Defendant Zapczynski's 2012 divorce attorney was able to produce all of the documents related to the 2012 divorce proceeding in accordance with the subpoena as originally written for $322.90. Notably, Dilger & Semaan, P.C. has failed to demonstrate otherwise. Accordingly, the Court finds that non-party

Dilger & Semaan, P.C. will not incur significant expense in complying with Plaintiff's subpoena as limited to only the deposition transcripts and their exhibits from the 2007 divorce proceeding, and it will order Dilger & Semaan, P.C. to produce the same without the reimbursement of costs within twenty-one (21) days of this Opinion and Order.

> B. Non-Party, Eugene R. Zapczynski's Motion to Modify Subpoena to Testify at a Deposition and Production of Documents for an Enlargement of Time and Protective Order [47]

Plaintiff served Defendant Zapczynski's father, non-party Eugene R. Zapczynski, with a subpoena *ad testificandum* and *duces tecum* on January 29, 2016, which required him to appear for a deposition and produce certain documents on February 17, 2016. (Docket no. 49 at 4, 6; docket no. 49-2.) The deposition was rescheduled for April 11, 2016, at Mr. Zapczynski's request. (*Id.*; docket no. 49-4 at 3.) On April 8, 2016, Mr. Zapczynski filed the instant Motion to Modify Subpoena to Testify at a Deposition and Production of Documents for an Enlargement of Time and Protective Order. (Docket no. 47.) In this Motion, Mr. Zapczynski challenges document request no. 8 of the subpoena, which requests that he produce financial documents for businesses that he allegedly owned and operated. The request provides as follows:

> For the period of January 1, 2007 to present, each and every financial statement and tax return for Michigan Bark, Putt, Inc., [and] Kern Co-Partnership that show any financial transaction or business dealings with Rite Way, Marx, H & H or Eugene M. Zapczynski.

(Docket no. 47 at 2-3, 12.) Specifically, Mr. Zapczynski argues that Plaintiff is not entitled to the entire contents of Michigan Bark, Putt, Inc., and Kern Co-Partnership's financial records and tax returns because the information is confidential and would not lead to the discovery of admissible evidence. (*Id.* at 3, 17.) He further argues that document request no. 8 should therefore be limited to only the specific parts and portions of those financial statements and tax returns that show specific financial transactions or business dealings with Defendants. (*Id.*) Mr.

8

Zapczynski also requests that his deposition testimony be similarly limited. (*Id*. at 4, 20.) Lastly, Mr. Zapczynski asks that he be given additional time to produce the documents, until April 30, 2016, because the documents are in the possession of his accountant, who is unable to compile the documents because it is "tax season," and he is busy preparing tax returns for his clients. (*Id*. at 3, 19, 20.)

In its April 22, 2016 Response to Mr. Zapczynski's Motion, Plaintiff informs that Mr. Zapczynski did appear for his April 11, 2016 deposition, but he did not produce documents responsive to request no. 8, and he was deposed on other matters. (Docket no. 49 at 7.) Plaintiff then argues that Mr. Zapczynski's Motion should be denied because (1) Mr. Zapczynski failed to object to the subpoena within fourteen days of service as required by Federal Rule of Civil Procedure 45(d)(2); (2) Mr. Zapczynski's Motion is not timely under Rule 45(d)(3); and (3) Mr. Zapczynski's Motion is not based on any of the grounds for modification specified in Rule 45(d)(3). (*Id*. at 4, 8-11.) Plaintiff further argues that the financial and business dealings between Defendants and Michigan Bark, Putt, Inc., and Kern Co-Partnership are relevant to Plaintiff's alter-ego theory and its claims of veil piercing by Defendant Zapczynski and that Defendants have conceded the relevancy of those dealings. (*Id*. at 7-8, 11-12.) Plaintiff concludes that Mr. Zapczynski should be ordered to immediately produce the complete tax returns and financial statements as requested. (*Id*. at 13.)

Mr. Zapczynski replied to Plaintiff's Response on May 2, 2016. (Docket no. 54.) In his Reply, Mr. Zapczynski advises that after consulting with his accountant, he has learned that there are no financial statements for Michigan Bark, Putt, Inc., or Kern Co-Partnership for the period requested, as financial statements were never prepared for those entities. (*Id*. at 2-3.) Mr. Zapczynski also advises that the tax returns prepared for Michigan Bark, Putt, Inc., and Kern Co-

9

Partnership do not show any itemized financial transactions or business dealings with Defendants.[4] (*Id*. at 3.) Essentially, Mr. Zapczynski advises that there are no documents responsive to document request no. 8 of Plaintiff's subpoena, and the Court accepts this assertion as true. The non-existence of documents responsive to Plaintiff's request no. 8 renders it unnecessary to limit the scope of the request or to grant the other related relief sought by Mr. Zapczynski. The Court will therefore deny Non-Party, Eugene R. Zapczynski's Motion to Modify Subpoena to Testify at a Deposition and Production of Documents for an Enlargement of Time and Protective Order as moot.

### C. Defendants' Motion to Enlarge Time to Respond to Plaintiff's Second Request for Production of Documents [48]

Defendants filed the instant Motion on April 20, 2016, seeking a thirty-day extension of time within which to reply to Plaintiff's Second Request of Production of Documents, which were served upon Defendants on March 22, 2016. (Docket no. 48.) Defendants assert that the documents requested by Plaintiff are voluminous and are located at three separate locations, and they argue that an extension of the response deadline to May 23, 2016 will not prejudice Plaintiff because the court recently extended the fact discovery deadline to July 21, 2016, and because Plaintiff does not plan to take any depositions until after May 23, 2016. (*Id*. at 2-3, 14.)

In response, Plaintiff asserts that its Second Request for Production of Documents consists of requests for Defendants' QuickBooks accounting software records and other documents that could be easily transferred onto an electronic storage device and produced within the thirty-day time for response and that Defendants have failed to establish good cause for their request for an extension. (Docket no. 55 at 4, 10-11.) Plaintiff argues that it would be prejudiced by the requested thirty-day extension because the extension would effectively

---

[4] Mr. Zapczynski provided Plaintiff with this information in an April 29, 2016 letter accompanied by a formal response to document request no. 8. (Docket no. 54 at 4-7.)

truncate the recent extension of the discovery deadline. (*Id*. at 4, 10.) Plaintiff also argues that it would be prejudiced because it scheduled the deposition of Defendant Rite Way's former controller for May 24, 2016, before which it needs time to review the requested documents, and if the extension is granted, it will not have adequate time to do so. (*Id*. at 8.) Plaintiff argues that Defendants' actions have forced Plaintiff to delay the deposition. (*Id*.) Finally, Plaintiff argues that Defendants have abused discovery throughout this litigation, and the instant Motion is a continuation of that abuse. (*Id*. at 4, 9.)

Defendants replied to Plaintiff's response on May 11, 2016, and informed the Court that they have fully responded to Plaintiff's Second Request for Production of Documents. (Docket no. 59.) Accordingly, Defendants' Motion to Enlarge Time to Respond to Plaintiff's Second Request for Production of Documents is now moot, and the Court will deny it as such.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Documents Subpoenaed from Non-Party Dilger & Semaan, P.C. [40] as limited by Plaintiff's Statement of Resolved and Unresolved Issues [50] is **GRANTED**. Non-Party Dilger & Semaan, P.C. will produce the deposition transcripts and their exhibits from the 2007 divorce proceeding between Kelly Jean Zapczynski and Eugene M. Zapczynski to Plaintiff without the reimbursement of costs within twenty-one (21) days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Non-Party, Eugene R. Zapczynski's Motion to Modify Subpoena to Testify at a Deposition and Production of Documents for an Enlargement of Time and Protective Order [47] and Defendants' Motion to Enlarge Time to Respond to Plaintiff's Second Request for Production of Documents [48] are **DENIED** as moot.

## **NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: October 25, 2016  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: October 25, 2016  s/ Lisa C. Bartlett
Case Manager